**In re SUNSHINE BOOKS, LTD., Debtor.**

**Bankruptcy No. 84–00325G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 8, 1984.

Nancy V. Alquist, Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for petitioning creditors, Prentice-Hall, Inc., Little, Brown and Co., and D.C. Heath.

Roger F. Wood, Louis B. Kupperman, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for alleged debtor, Sunshine Books, Ltd.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we have jurisdiction to entertain the creditors' involuntary petition and enter an order for relief under chapter 7 of the Bankruptcy Code ("the Code"), in light of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). For the reasons expressed herein, we conclude that we have jurisdiction and will grant the requested relief.

The facts of the case are as follows:[1] The creditors, Prentice-Hall, Inc., Little, Brown and Co. and D.C. Heath ("the creditors") filed an involuntary petition against the debtor, Sunshine Books, Ltd. ("the debtor") under chapter 7 of the Code. The creditors charge the necessary prerequisites for both case commencement[2] and entry of an order for relief[3] under 11 U.S.C. § 303. The debtor admits the relevant averments, but requests an order dismissing the petition on the grounds that we lack subject matter jurisdiction over the case by reason of the *Marathon* decision and Congress's failure to enact remedial legislation.

In response to the *Marathon* holding that the jurisdiction granted the bankruptcy courts under 28 U.S.C. § 1471 (1982) was unconstitutionally broad, *Id.* at 87, 102 S.Ct. at 2880, the United States district courts adopted an Emergency Rule for the administration of the bankruptcy system in December, 1982, and extended the time for its application in March, 1984. The rule provides for the operation of the bankruptcy system during the interim period until Congress enacts legislation superseding it.[4]

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 303(a) and (b)(1) provides in pertinent part:
    (a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.
    (b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
    (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or an indenture trustee representing such a holder, if such claims aggregate at least $5,000

more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

3. Section 303(h) provides in pertinent part:
    · (h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—
    (1) the debtor is generally not paying such debtor's debts as such debts become due;

4. Section (a) of the Emergency Rule provides in pertinent part:
    (a) Emergency Resolution
    The purpose of this rule is to supplement existing law and rules in respect to the author-

932

The United States Court of Appeals for the Third Circuit, in *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir.), *cert. denied,* ——— U.S. ———, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983), addressed the issue of the continued vitality of the district courts' subject matter jurisdiction under 28 U.S.C. § 1471:

> ... despite *Northern Pipeline* the grant of district court subject matter jurisdiction in section 1471(b) survives. We find nothing in *Northern Pipeline* opinions suggesting otherwise. Indeed the *Northern Pipeline* holding that article III judges must exercise the related proceedings jurisdiction rests on the assumption that the jurisdictional grant is operative. *Id.* at 200.

Because, under *Coastal,* the district courts retain subject matter jurisdiction over bankruptcy proceedings pursuant to 28 U.S.C. § 1471(b), we are bound by the Emergency Rule adopted by the United States District Court for the Eastern District of Pennsylvania. We therefore conclude that our jurisdiction to handle bankruptcy matters remains intact under the Emergency Rule, and that we may entertain the instant involuntary petition. Further, since the debtor does not challenge the conclusion that the petitioning creditors have established a *prima facie* case for the entry of an order for relief under § 303, we will grant the creditors' involuntary petition.

ity of the bankruptcy judges of this district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), or until March 31, 1984, whichever first occurs.